IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

FILED
NOV 2 3 2015
Clerk, U.S District Court
District Of Montana
Missoula

| | |
|---|---|
| DONALD GRIFFIN, | Cause No. CV 15-51-BU-DLC-JCL |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |
| MIKE BATISTA; ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

This case comes before the Court on Petitioner Donald Griffin's application for writ of habeas corpus under 28 U.S.C. § 2254. Griffin is a state prisoner proceeding pro se.

On November 5, 2015, Griffin was ordered to show why the Montana Supreme Court was incorrect when it found that he did not successfully complete the Warm Springs Addiction Treatment and Change ("WATCh") program. *See* order to Griffin (Doc. 4) at 1-3. Griffin responded on November 16, 2015 (Doc. 5).

## I. Claim and Analysis

Griffin challenges the manner in which his sentences are being executed under state law. Earlier this year, Griffin filed a petition in this Court alleging, as he does now, that he is currently being compelled to spend additional time in prison because he was erroneously deprived of a clear entitlement under state law

1

to serve a portion of a 13-month commitment on probation in 2006. *See* Mont. Code Ann. § 61-8-731(1)(a); *see also* Judgment DC 02-121 at 2 (Doc. 1-1 at 9) (requiring that remaining portion of 13-month term be "suspended" on successful completion of the program). To support his claim, Griffin had to show that he successfully completed a residential alcohol treatment program before the expiration of the 13-month commitment in 2006. *See generally* Findings and Recommendation (Doc. 15) at 8-9, *Griffin v. Kirkegard*, No. CV 14-07-BU-DLC-JCL (D. Mont. Jan. 28, 2015).

Griffin's previous federal petition was dismissed without prejudice for lack of exhaustion. *See* Order (Doc. 16) at 2, *Griffin v. Kirkegard*, No. CV 14-07-BU-DWM (D. Mont. Mar. 23, 2015). He returned to the Montana Supreme Court and filed another petition for writ of habeas corpus under Mont. Code Ann. § 46-22-101. In that proceeding, the State produced evidence, and the Montana Supreme Court found, that Griffin did not successfully complete the Warm Springs Addiction Treatment and Change ("WATCh") program, the only program that supports suspension of any portion of the 13-month commitment. *See* Order at 3, *Griffin v. Batista*, No. OP 15-0299 (Mont. June 30, 2015) (citing Order at 2, *Fite v. Kirkegard*, No. OP 13-0768 (Mont. 2014) (distinguishing WATCh program at Warm Springs and Glendive, which provides up to 60 hours of programming per week, from Chemical Dependency Intensive Treatment Unit program at Montana

State Prison, a 12-week program offering up to 19 hours per week)).[1]

The Montana Supreme Court's finding that Griffin did not complete the WATCh program is binding on this Court unless Griffin can show, by clear and convincing evidence, that he did indeed successfully complete the WATCh program in 2006. *See* 28 U.S.C. § 2254(e)(1). The documents attached to his petition did not suggest he did, and he did not even allege he did. Consequently, he was given another opportunity to produce such evidence.

In response, on November 16, 2015, Griffin again articulated his argument that he successfully completed the Chemical Dependency Intensive Treatment Unit program ("CDITU") at Montana State Prison in 2006. The Court acknowledges that he did so. But that does not resolve the issue.

The Montana Supreme Court has held that only successful completion of the WATCh program can qualify an offender for suspension of the remaining term of the 13-month sentence. Order at 2, *Fite*, No. OP 13-0768. The United States Constitution does not require the State of Montana to recognize any other program as sufficient to support suspension of a sentence under Mont. Code Ann. § 61-8-731(1)(a). Nor has Griffin pointed to any evidence that the Department of Corrections accepted successful completion of the CDITU as sufficient to suspend the remaining portion of the 13-month sentence in 2006. Indeed, the premise of his

---

[1] This opinion and *Fite*, cited below, are available at http://supremecourtdocket.mt.gov (accessed Nov. 19, 2015).

3

petition is that it did not but *should have*. And a federal habeas court has no authority to make that decision for the State of Montana.

As the Court explained when Griffin filed his first federal habeas petition, no federal due process claim arises from the fact that sentences are "started" and "stopped" or in the fact that terms may be "flip-flopped" or calculated in a different manner at different times. These are practical necessities in both state and federal courts, particularly when, as in Montana, a person might move from prison to the community and from the community back to prison with or without intervening judicial events or new judgments. Sentence calculations are surprisingly complex and difficult, and mere mistakes do not violate the United States Constitution.

Griffin could proceed with a federal habeas petition only if he alleged facts sufficient to support an inference that he is in custody in violation of a federal right. 28 U.S.C. § 2254(a). A federal due process claim can arise only if the State fails to honor the express terms of a prisoner's judgment and clear, unambiguous state law underlying it. *See, e.g., Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). The facts Griffin alleges do not support an inference that he was clearly and unambiguously entitled to suspension of the remaining portion of his 13-month sentence because he successfully completed CDITU in 2006. Therefore, he fails to state a federal claim. His petition should be denied.

## II. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Griffin is not entitled to a certificate of appealability. Every reasonable presumption in Griffin's favor has been extended to him. There is no reason to believe state law plainly entitled him to suspension of a portion of his sentence in 2006. Even if reasonable jurists might find a portion of his sentence should have been suspended in 2006, no reasonable jurist would find that his entitlement to a suspended sentence was clear, unambiguous, and free of any doubt or quibble. Consequently, there is no reason to believe Griffin can show a violation of his federal right to due process, and there is no reason to encourage further proceedings.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. The Petition (Doc. 1) should be DENIED on the merits.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Griffin may object to this Findings and Recommendation within 14 days.[2] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Griffin must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 23rd day of November, 2015.

*Jeremiah C. Lynch*
Jeremiah C. Lynch
United States Magistrate Judge

---

[2] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.