**FILED**

FEB 1 0 2016

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

DONALD GRIFFIN,

Petitioner,

vs.

MIKE BATISTA; ATTORNEY
GENERAL OF THE STATE OF
MONTANA,

Respondents.

CV 15–51–BU–DLC–JCL

ORDER

United States Magistrate Judge Jeremiah C. Lynch entered his Findings and

Recommendations on November 23, 2015, recommending that Petitioner Donald

Griffin's ("Griffin") petition for writ of habeas corpus, pursuant to 28 U.S.C. §

2254, be denied. Griffin filed objections to the Findings and Recommendations

on December 7, 2015, and so is entitled to de novo review of those Findings and

Recommendations to which he specifically objects. 28 U.S.C. § 636(b)(1)(c).

Those portions of the Findings and Recommendations to which Griffin has not

specifically objected will be reviewed for clear error. *Id.*; *McDonnell Douglas*

*Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

Additionally, "[w]here a petitioner's objections constitute 'perfunctory responses

-1-

argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original habeas petition,' the applicable portions of the findings and recommendations will be reviewed for clear error." *Rosling v. Kirkegard*, 2014 WL 693315, at *3 (D. Mont. Feb. 21, 2014) (quoting *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)). For the reasons listed below, the Court adopts Judge Lynch's Findings and Recommendations in full.

Having reviewed Griffin's objections and compared the arguments contained therein to those made in his habeas petition, the Court finds that Griffin specifies two objections. Griffin's first objection merely restates the same contentions regarding his sentencing calculations he made in this petition, and his habeas petition to the Montana Supreme Court, which was denied. *See* Order, *Griffin v. Batista*, No. OP 15-0299 (Mont. June 30, 2015) (confirming that Petitioner Griffin did not successfully complete a Warm Springs Addition Treatment and Change ("WATCh") program to fulfill the requirement under Mont. Code Ann. § 61-8-731(1)(a) to have the remainder of his 13 month felony DUI sentence be served on probation). However, Griffin articulates a second objection that mirrors an *ex post facto* argument. (Doc. 7 at 2.)

Griffin contends that Judge Lynch's citation to *Fite v. Kirkegard*, No. OP 13–0768 (Mont. 2014) violates the *ex post facto* ban on retroactivity because it

changes the merits of his original sentencing order. (Doc. 7 at 1.) The Montana Supreme Court held in *Fite* that Montana Code Annotated § 61–8–731 requires a subsequent DUI offender to successfully complete a WATCh program, and only this specific program, because it is the only "residential alcohol treatment program" specifically approved by the department of corrections, due to its rigorous program schedule and highly structured environment. *Fite*, No. OP 13-0768, at 2. Thus, this is the only program that qualifies for suspension of the remainder of a DUI sentence. *Id.* The Montana Supreme Court flatly rejected that completion of a Chemical Dependency Intensive Treatment Unit ("CD-ITU") program suffices as a "residential alcohol treatment program approved by the department of corrections." *Id.* Griffin asserts that applying this 2014 Montana Supreme Court judicial opinion to his 2003 DUI offense is "unfair" because he "already fulfilled the court order" by completing a CD-ITU program on July 11, 2006. (Doc. 7 at 13.)

Article I, section 10 of the United States Constitution prevents state legislatures from enacting *ex post facto* legislation. U.S. Const. Art. I, § 10. "The *Ex Post Facto* Clause 'forbids the imposition of punishment more severe than the punishment assigned by law when the act to be punished occurred.'" *Hamilton v. United States*, 67 F.3d 761, 765 (9th Cir. 1995) (citation omitted). Article II,

section 31 of the Montana Constitution prohibits the same. Mont. Const. Art II, §
31; *State v. Leistiko*, 844 P.2d 97, 99 (Mont. 1992). However, both federal and
Montana case law confirm that the constitutional prohibition on retroactivity
pertains to legislative action and not to judicial opinions. *See Rogers v.
Tennessee*, 532 U.S. 451, 456 (2001) ("As the text of the Clause makes clear, it is
a limitation upon the powers of the Legislature, and does not of its own force
apply to the Judicial Branch of government.") (citation and quotation marks
omitted); *Wright v. Mahoney*, 71 P.3d 1195, 1198 (Mont. 2003) ("The
constitutional prohibition against *ex post facto* laws is concerned with laws that
retroactively make innocent action criminal, enlarge the definition of crimes or
increase the punishment for criminal acts."). *Rogers* clarified that a judicial
opinion may trigger an *ex post facto* violation, and may not be given retroactive
effect, only when the opinion changes the law and is "unexpected and indefensible
by reference to the law which had been expressed prior to the conduct in issue."
*Rogers*, 532 U.S. at 462 (citation omitted).

Given that Griffin's retroactivity argument is based upon the Montana
Supreme Court's judicial interpretation of a statute, his objection is not
meritorious. The *Fite* opinion is a clarification of what qualifies as a "residential
alcohol treatment program" under Montana Code Annotated § 61–8–731(1)(a).

-4-

An interpretation of a statute is not altering the punishment of a crime, increasing punishment of a crime, or vindicating a once innocent act. "A court's interpretation of a statute is never new law because the decision declares what the statute meant from the day of its enactment, not from the date of the decision." *State v. Goebel*, 31 P.3d 340, 345 (Mont. 2001), *abrogated on other grounds by Gundrum v. Mahoney*, 36 P.3d 890 (Mont. 2001).

Furthermore, the Montana Legislature passed § 61–8–731 in 1997. H.B. 100, 55th Leg., § 3 (Mont. 1997). While it was amended in 2001, prior to Griffin's conviction and sentence in 2003, the statute included the exact same language in subsection (1)(a) as it did in 2003. S.B. 417, 57th Leg., § 2 (Mont. 2001). The Montana Supreme Court's interpretation of the statute in *Fite* in 2014 analyzed the exact language of the 2001 amended statute at issue in Griffin's 2003 sentence. Therefore, the court's opinion in *Fite* is not a change in the law and is merely an interpretation of the statute's language, which is given retroactive effect.

Accordingly, the Court reviews the remainder of Judge Lynch's Findings and Recommendations for clear error and, finding none,

IT IS ORDERED that Judge Lynch's Findings and Recommendations

(Doc. 6) are ADOPTED IN FULL. Griffin's petition for writ of habeas corpus (Doc. 1) is DENIED on the merits.

IT IS FURTHER ORDERED that the Clerk of Court is directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

DATED this 10th day of February, 2016.

Dana L. Christensen, Chief Judge
United States District Court